## MANN *against* SWANN.

THIS was an action of assumpsit on a promissory note, brought by the endorsee against the maker. The cause was tried before his honour the chief justice, at the *New-York* sittings, in *April*, 1816.

The defence set up was usury; and one *Westerfield*, who was the payee and endorser of the note, and who had been discharged under the insolvent act, was offered as a witness to prove that the plaintiff had become possessed of the note, and had acquired his whole title to it, by virtue of an usurious contract between him and the witness; that the note was made and endorsed on the day of its date, for the purpose of being discounted by the plaintiff; and that the note was, on the same day, discounted by the plaintiff, who paid the witness the amount of it, after deducting interest at the rate of one per cent. per month, or upwards, for the time which it had to run. The chief justice ruled, that *Westerfield* was an incompetent witness to prove the fact; and an exception was taken to the opinion of the chief justice, who refused to reserve the point. The defendant having no other testimony, a verdict was taken for the plaintiff for the amount of the note, with interest.

A motion was made, in behalf of the defendant, to set aside the verdict, and for a new trial.

*Caines*, for the defendant, contended that the endorser was a

competent witness in this case. In *Walton* v. *Shelly*,\* Lord *Mansfield* relied on the legal maxim, *nemo allegans suam turpitudinem est audiendus*. But that maxim applies to the *parties* to a suit, not to *witnesses*, as has been justly observed by Mr. *Evans*, in his notes on *Pothier*.† The general doctrine of *Walton* v. *Shelly*, was overruled in *Jordaine* v. *Lashbrooke*,‡ in which it was held that the endorser of a bill, dated at *Hamburgh*, for the purpose of evading the stamp duty, might be admitted as a witness to prove that it was made in *England*. But the doctrine of the case of *Walton* v. *Shelly* is applicable only where the plaintiff is a *bona fide* holder. Where the plaintiff is a *mala fide* holder, the endorser, or person from whom he received it, may be a witness. A person is not a *bona fide* holder of an instrument, who takes it with full knowledge of its illegality, or of its being in violation of a public statute. *Parsons*, Ch. J., in the case of *Churchill* v. *Suter*,§ considers the question as applying to notes made by the statutes against usury and gaming. But a person who is privy to the violation of a statute cannot be deemed an innocent holder. In *Walton* v. *Shelly*, and in *Winton* v. *Saidler*,‖ the plaintiff was not privy to the usury, and so a *bona fide* holder.

The case of *Ackland* v. *Pearce*,\*\* shows that the rule laid down in *Walton* v. *Shelly*, is no longer regarded in the *English* courts. The plaintiff, in that case, was a *bona fide* holder of a bill, and ignorant of the usury. *Wain*, the acceptor of the bill, was admitted to prove the *usury*. If the opinion of Lord *Mansfield*, in *Walton* v. *Shelly*, is not correct, and this court have been led to adopt an erroneous rule of decision, it ought not to stand, and it is not too late to restore the law to its true principles. In regard to *personal* property, there is little or no danger or inconvenience from overruling a prior determination that has been shown not to be well founded. It overturns no landmarks; it shakes no titles; it subverts no principles.

In the very late case of *Jones* v. *Brooke*,†† in the C. B., *Mansfield*, Ch. J., admits it to be now the established practice to receive persons, whose names are on bills, as witnesses to impeach such bills; but the witness, who was the wife of the drawee, was rejected on the ground that her husband was interesed to defeat the action against the *acceptor*, who, in case the plaintiff recovered against him, would have a right of action against the drawer.

ALBANY,
August, 1817.

MANN
v.
SWANN.
\* 1 *Term Rep.*
296.
† *Evans' Pothier*, 418 *n* 16.
‡ 7 *Term Rep*
601.

§ 4 *Mass. Rep.*
161.

‖ 3 *John. Cases,*
185.

\*\* 2 *Campb. N.
P. Rep.* 599.

†† 4 *Taunt. Rep*
464. 466.

ALBANY,
August, 1817,

MANN
v.
SWANN.

The rule of *Walton* v. *Shelly,* which the court adopted in *Winton* v *Saidler,* contrary, however, to the opinion of *Kent,* J., and *Radcliff,* J., has, therefore, been wholly abandoned in all the *English* courts.

*Slosson,* contra, relied on the cases of *Winton* v. *Saidler,* and *Coleman* v. *Wise,** as having settled the law on the subject. He, therefore, declined entering into any discussion of the principles of former decisions.

*2 Johns. Rep.
165.

*Per Curiam.* The question in this case is, whether the endorser of a negotiable note can be admitted as a witness to prove it made upon a usurious consideration, when the plaintiff is acquainted with the fact of usury at the time he takes the note. As a general rule, it has been long the established law of this state, that a party to a negotiable note, cannot be admitted as a witness to prove it usurious, and there can be no sound reason for varying this rule, when the holder is apprised of the fact of usury. Ignorance with respect to the usury, does not protect the holder. It is equally void in the hands of an innocent *bo. na fide* holder, as in the hands of one acquainted with the usury; and if so, why should the rules of evidence, to get at the usury, be different. It is highly important that the rules of evidence should be as general as possible. Multiplied exceptions and distinctions generally lead to embarrassment and difficulty in the application of the rule. In this case, the endorser was offered as the witness to prove not only the usury, but the knowledge of the holder that it was usurious. The witness was properly rejected, and the motion for a new trial must be denied.

New trial refused.